IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRANDON L. JONES, ) | Case No. C 16-0247 PSG (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL WITH** |
| ) | **LEAVE TO AMEND** |
| v. ) | |
| ) | |
| OAKLAND POLICE DEPARTMENT, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

Brandon L. Jones, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint and gives Jones leave to amend to specify his claims for relief.

**I. DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

---

[1] Jones has consented to magistrate judge jurisdiction. *See* Dkt. No. 3.

Case No. C 16-0247 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

seeks redress from a governmental entity or officer or employee of a governmental entity.[2]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3]  *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.   Jones' Claims

Jones' complaint is difficult to decipher.  He briefly describes several events, occurring on different dates with different officers from the Oakland Police Department.  But, as the complaint is currently pled, the court cannot determine exactly what Jones' claims are.  In order to seek redress under Section 1983, a plaintiff must assert the violation of a federal "right."[6]  That is, it must be clear from the face of the complaint that there is a federal question.[7]  To state such a claim, Jones must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded.[8]  Jones will be given leave to amend to comply with these requirements if he can do so in good faith.

---

[2] *See* 28 U.S.C. § 1915A(a).

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *See Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989).

[7] *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

[8] *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

Case No. C 16-0247 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

2

1    To the extent Jones intended to raise an equal protection claim, he fails to do so. He
2 provides facts about several events from when he was not yet incarcerated, and seems to suggest
3 that the defendants arrested him instead when they could have arrested others. However, a
4 plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other
5 suspect classification must plead intentional unlawful discrimination or allege facts that are at
6 least susceptible of an inference of discriminatory intent.[9] To state a claim for relief, the plaintiff
7 must allege that the defendant state actor acted at least in part because of plaintiff's membership
8 in a protected class.[10] Proof of a discriminatory intent or purpose is required to show an equal
9 protection violation based on race.[11] Jones has not proffered enough facts to "raise a right to
10 relief above the speculative level" to support an equal protection claim.[12]

11   In addition, Jones names the Oakland Police Department as a defendant. Local
12 governments, such as the Oakland Police Department are "persons" subject to liability under 42
13 U.S.C. § 1983 where official policy or custom causes a constitutional tort.[13] However, a city or
14 county may not be held vicariously liable for the unconstitutional acts of its employees under the
15 theory of respondeat superior.[14] To impose municipal liability under Section 1983 for a violation
16 of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional
17 right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy
18 amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is

---

[9] *See Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).

[10] *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (claim that alleged harmful treatment but mentioned nothing about disparate treatment was properly dismissed).

[11] *See City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 193-94 (2003).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

[13] *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

[14] *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

Case No. C 16-0247 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

the moving force behind the constitutional violation.[15] Here, Jones has not alleged sufficient facts to state a municipal liability claim against the Oakland Police Department.

If Jones can do so in good faith, he may amend his complaint to allege that each individual defendant deprived him of a constitutional right. Specifically, Jones must allege facts showing that each defendant's actions both actually and proximately caused the deprivation of a federally protected right, and what that right is.[16] He should describe what each defendant did (or failed to do) that caused a violation of his constitutional rights so that each proposed defendant has fair notice of his allegedly wrongful conduct.[17] Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."[18] Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests."[19]

As the complaint currently reads, Jones has not stated a cognizable claim for relief. However, if Jones believes that he can cure the deficiencies addressed above, he may amend his complaint to do so.

## II. CONCLUSION

The court orders as follows:

1. The complaint is DISMISSED with leave to amend. Jones shall file an AMENDED COMPLAINT within thirty days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 16-0247 PSG

---

[15] *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

[16] *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).

[17] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 arises only upon a showing of personal participation by a defendant).

[18] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

[19] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Case No. C 16-0247 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

1  (PR)) and the words AMENDED COMPLAINT on the first page.  Jones may not incorporate
2  material from the prior complaint by reference.  Failure to file an amended complaint within
3  thirty days and in accordance with this order will result in a finding that further leave to amend
4  would be futile, and this action will be dismissed.

5        2. Jones is advised that an amended complaint supersedes the original complaint.
6  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
7  in the amended complaint."[20]  Defendants not named in an amended complaint are no longer
8  defendants.[21]

9        3. It is Jones' responsibility to prosecute this case.  He must keep the court informed
10 of any change of address by filing a separate paper with the Clerk headed "Notice of Change of
11 Address," and must comply with the court's orders in a timely fashion.  Failure to do so may
12 result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
13 Procedure 41(b).

14       IT IS SO ORDERED.
15 DATED:  3/24/2016

PAUL S. GREWAL
United States Magistrate Judge

---

[20] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[21] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Case No. C 16-0247 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND